

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-30-2008

# Sudarsono v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2720

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Sudarsono v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1103.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1103

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2720

FNU SUDARSONO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96-203-448
(U.S. Immigration Judge: Honorable Donald V. Ferlise)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 9, 2008
Before:  SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges

(Filed: May 30, 2008)

OPINION OF THE COURT

PER CURIAM.

    Sudarsono petitions for review of an order of the Board of Immigration Appeals

("BIA") affirming the Immigration Judge's ("IJ") final order of removal.  For the reasons

that follow, we will deny his petition.

Sudarsono is a native and citizen of Indonesia and identifies himself as ethnic Chinese and Christian. He entered the United States as a non-immigrant visitor in November 1998 and, in May 2004, applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). He has a wife and two children, all of whom reside in Bali, Indonesia.

The IJ denied all relief save Sudarsono's request for voluntary departure, holding that his asylum application was time-barred and that he could not satisfy the standard for withholding of removal or CAT relief. The BIA affirmed the IJ's decision and dismissed the appeal, noting that Sudarsono did not challenge on appeal the IJ's finding that his asylum claim was time-barred, that he had failed to establish either that he faced an individualized risk of persecution or that there was a pattern or practice of persecution directed against ethnic Chinese Christians in Indonesia, and that he failed to show that he would more likely than not be tortured in Indonesia. Through counsel, Sudarsono filed a petition for review. The Government opposes the petition.

We have jurisdiction over this petition for review under 8 U.S.C. § 1252. We review the BIA's factual findings for "substantial evidence." See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). Under this standard, we will uphold the BIA's findings unless the evidence not only supports a contrary conclusion, but compels it. See id.

2

To be entitled to withholding of removal to a specific country, an applicant must prove that it is more likely than not that his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3); Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003). In the event that the applicant cannot demonstrate past persecution, he may still be eligible for withholding of removal by demonstrating "that in that country there is a pattern or practice of persecution of a group of persons similarly situated to the applicant" on account of a protected ground. See 8 C.F.R. § 208.16(b)(2). For relief under the CAT, an applicant must demonstrate that it is more likely than not that he would be tortured if removed to his country of origin. See 8 C.F.R. § 208.16(c)(2).

Sudarsono argues that the BIA erred in concluding that he had not demonstrated that he would more likely than not suffer persecution if returned to Indonesia.[1] In support of his application, Sudarsono testified that his car was vandalized in January 1997 while he was attending church services and that his store was looted the following year. Then, in June 1998, ten men with guns attacked him and his cousins at his store, took his money, and smashed his face against the safe. His cousin died as a result of his injuries. Sudarsono testified that he reported the incident to the police, but they did not respond.

---

[1] To the extent Sudarsono addresses this argument to his asylum claim, we do not reach it, as we lack jurisdiction to review the determination that an asylum application was not filed within the one-year limitations period and that such period was not tolled by extraordinary circumstances. See Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003); 8 U.S.C. § 1158(a)(3).

He then closed that store and opened a small store on the island of Bali, where he moved with his wife and family. The IJ found that, even assuming all of his testimony was credible, Sudarsono offered no proof that any of these actions were taken against him on account of his religion or ethnicity. Furthermore, the IJ concluded that Sudarsono had failed to offer any proof that he would be persecuted, much less tortured, upon his return to Indonesia. The BIA agreed with these conclusions.

Sudarsono now argues that while the incidents described above may not appear on their face to be acts of persecution, when considered in light of "the political, social, cultural and more importantly the factual milieu in Indonesia," they clearly "take[] on the nature of persecution on account of his membership in a group." (At. Br. at 9-10.) As the petitioner, it is Sudarsono's burden to demonstrate an entitlement to relief. See Lie v. Ashcroft, 396 F.3d 530, 535-38 (3d Cir. 2005). A thorough review of the record indicates that Sudarsono failed to offer any evidence to demonstrate that the acts were "on account of" a protected ground. See I.N.S. v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992) ("[Petitioner] must provide *some* evidence of [his persecutors' motives], direct or circumstantial. And if he seeks to obtain judicial reversal of the BIA's determination, he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."); see also Lie, 396 F.3d at 535-36 ("We find that evidence of general ethnic difficulties would not compel a reasonable factfinder to conclude that the intrusions were 'on account of' [petitioner's] ethnicity or

4

religion."). Additionally, as noted by the BIA, Sudarsono's wife and children continue to live in Indonesia, which further undermines his claim to a well-founded fear of future persecution. See id. at 537. Nor was the evidence cited by Sudarsono sufficient to demonstrate a pattern or practice of persecution of Chinese Christians in Indonesia. See id. (finding petitioner's evidence of anti-Chinese violence in Indonesia insufficient to demonstrate "pattern or practice" where violence was "primarily wrought by fellow citizens and not the result of governmental action or acquiescence"). Accordingly, we agree that Sudarsono has not demonstrated an entitlement to withholding of removal.

Finally, Sudarsono failed to allege any incidents or likelihood of torture if removed to Indonesia. Accordingly, the BIA properly denied his claim for relief under the CAT. See 8 C.F.R. § 208.16(c)(2); Lukwago v. Ashcroft, 329 F.3d 157, 183 (3d Cir. 2003) (holding that petitioner must demonstrate it is more likely than not that he will be tortured upon his return).

Based on the foregoing, we will deny the petition for review.